1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY EMERSON,                          No.  2:  14-cv-1569 TLN KJN P

12              Plaintiff,

13        v.                                    ORDER

14   NEW FOLSOM STATE PRISON,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5          The only named defendant is New Folsom State Prison.  Plaintiff alleges that he has been

6  denied law library access.  Plaintiff also alleges that he has information that will lead to the

7  reversal of his conviction.  Plaintiff also alleges that "they" have tampered with his legal mail.  As

8  relief, plaintiff requests that he be released from custody.  Plaintiff also seeks money damages for

9  the tampering with his legal mail.

10          Under the Eleventh Amendment to the Constitution of the United States, a state or state

11  agency may not be sued in federal court without its consent.  <u>Pennhurst State Sch. & Hosp. v.</u>

12  <u>Halderman</u>, 465 U.S. 89, 100 (1984); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

13  Because the State of California has not consented to suit, this action against defendant New

14  Folsom State Prison is barred by the Eleventh Amendment.

15          In addition, the court cannot order plaintiff released from custody as relief in a civil rights

16  action brought pursuant to 42 U.S.C. § 1983.  If plaintiff wishes to challenge the legality of his

17  conviction, he must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.

18          Despite the defects discussed above, plaintiff's complaint is dismissed with leave to

19  amend.   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

21  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how

22  each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless

23  there is some affirmative link or connection between a defendant's actions and the claimed

24  deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d

25  740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation

26  in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.

27  1982).

28  ////

1       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3   complaint be complete in itself without reference to any prior pleading.  This requirement exists

4   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be sufficiently

8   alleged.

9       In accordance with the above, IT IS HEREBY ORDERED that:

10      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

12  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14  Director of the California Department of Corrections and Rehabilitation filed concurrently

15  herewith.

16      3.  Plaintiff's complaint is dismissed.

17      4.  Within thirty days from the date of this order, plaintiff shall complete the attached

18  Notice of Amendment and submit the following documents to the court:

19          a.  The completed Notice of Amendment; and

20          b.  An original and one copy of the Amended Complaint.

21  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

22  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

23  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

24  Failure to file an amended complaint in accordance with this order may result in the dismissal of

25  this action.

26  Dated:  August 13, 2014

27                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

28  Em1569.14

4

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY EMERSON,                          No.  2:  14-cv-1569 TLN KJN P

12                Plaintiff,

13          v.                                 NOTICE OF AMENDMENT

14   NEW FOLSOM STATE PRISON,

15                Defendant.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                _____        Amended Complaint

20   DATED:

21

22                                     _____
                                       Plaintiff
23

24

25

26

27

28